IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FABIAN E. GAGE, #25087045,      § | |
|         Petitioner,      § | |
| § | |
| v.      § | CIVIL CASE NO. 3:17-CV-1650-C-BK |
| § | |
| DJ HARMON, Warden, FCI Seagoville,      § | |
|         Respondent.      § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge for judicial screening. On June 22, 2017, Petitioner filed a *pro se* petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241. Upon review of the relevant pleadings and applicable law, the petition be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I. BACKGROUND**

In 2013, Petitioner pled guilty to knowingly possessing a firearm after having been convicted of a felony, and was sentenced to 75 months' imprisonment. *United States v. Gage*, No. 4:13-CR-004 (W.D. Mo. Jan. 27, 2014). He unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255, arguing that his sentence was contrary to the decision in *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 2243 (2016). *Gage v. United States*, No. 4:17-CV-268, (W.D. Mo. Jul. 20, 2017) (denying section 2255 motion and noting that petitioner had not been sentenced under the Armed Career Criminal Act), *appeal dismissed*, No. 17-3407 (8th Cir. Nov. 27, 2017).[1]

---

[1] Petitioner asserts that he moved to withdraw his section 2255 motion in June 2017. Doc. 3 at 7; Doc. 3 at 16 (copy of motion to withdraw). However, a review of Public Access to Court

In the case *sub judice*, Petitioner asserts that he is actually innocent of his sentence, reiterating his *Mathis* claim. Doc. 3 at 5; Doc. 3 at 10 (*Brief in Support*). He argues that his prior Missouri conviction for attempted robbery is no longer a crime of violence and, thus, his sentence was improperly enhanced under U.S.S.G. § 2K2.1. Doc. 3 at 11.

## II. ANALYSIS

At the outset, this Court evaluates the substance of Petitioner's claims to determine if they are properly brought under 28 U.S.C. § 2241. The Court concludes they are not.

A section 2255 motion to vacate sentence provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotations and citations omitted). A section 2241 petition, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Id.* A petition filed under section 2241 is not a substitute for a section 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A section 2241 petition that seeks to challenge the validity of a federal sentence by challenging errors that occurred at trial or sentencing must either be dismissed or construed as a section 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). But a federal prisoner "may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)). Under the "savings clause" of section 2255, the petitioner has the burden of

---

Electronic Records (PACER) confirms no such motion was docketed in either his criminal or section 2255 case.

Page **2** of **5**

showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla*, 416 F.3d at 426.[2]

Here, Petitioner fails to meet his burden of showing that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention. *See Jeffers*, 253 F.3d at 830 (petitioner bears burden "to show the inadequacy or ineffectiveness of a motion under § 2255"). Petitioner cannot rely on section 2241 merely because he cannot seek relief under section 2255. *Cf. Pack,* 218 F.3d 448, 453 (holding that prior, unsuccessful section 2255 motion, limitations bar, and successiveness do not render section 2255 remedy inadequate or ineffective).

Moreover, the savings clause of section 2255 only applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher*, 342 F.3d at 382. Petitioner fails to establish either requisite.

First, Petitioner has not demonstrated that he was convicted of a nonexistent offense. Notably, he challenges only his sentence, and not his conviction. Doc. 3 at 5, 11. Thus, his claim of actual innocence based on the holding in *Mathis*, 136 S. Ct. 2243, does not fall within the savings clause of section 2255(e). *Cf. In re Bradford,* 660 F.3d 226, 230 (5th Cir. 2011) ("a

---

[2] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2555(e) (emphasis added).

claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); *see also Padilla,* 416 F.3d at 427 (contrasting sentencing and conviction claims).

Second, Mathis, the only Supreme Court decision on which he relies, did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review.[3] *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review). Indeed, the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. 136 S. Ct. at 2257; *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").[4]

### III. RECOMMENDATION

For the reasons outlined herein, Petitioner is not entitled to relief under section 2241 and, therefore, his petition should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. *See Christopher*, 342 F.3d at 379 (remanding case for dismissal for lack of

---

[3] *Mathis* held that, for the purpose of determining whether an offense qualifies as an Armed Career Criminal Act (ACCA) predicate, the court takes a modified categorical approach, looking to the statutory elements of the offense rather than to the means of commission. 136 S. Ct. at 2257.

[4] In the United States Court of Appeals for the Fifth Circuit, for purposes of the savings clause, there is no requirement "that the Supreme Court must have made the determination of retroactivity." *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)).

jurisdiction because the petitioner failed to show the section 2255 remedy was inadequate or ineffective).

**SIGNED** February 9, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE